UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
OWENSBORO DIVISION
CIVIL ACTION NO. 4:18-CV-00007-JHM

**ESTATE OF HAROLD WAYMON
ENGLISH, JR.; HAROLD ENGLISH,**
*Administrator*; **and SARA ENGLISH,**
*on behalf of* **D.E.**                                                                                   **PLAINTIFFS**

**VS.**

**MARK CURRY, et al.**                                                                                 **DEFENDANTS**

## MEMORANDUM OPINION
## AND ORDER

Plaintiffs move the Court, pursuant to Fed. R. Civ. P. 37, for an order compelling Defendants, Owensboro Health, Inc.(OHI) and OH Muhlenberg, LLC d/b/a Owensboro Health Muhlenberg Community Hospital (MCH) (collectively OHI/MCH), to produce documents they have requested through discovery (DN 44 Motion and DN 44-23 Proposed Order). Additionally, Plaintiffs seek an award of attorney's fees incurred in bringing the motion (Id.). Defendants have filed a response (DN 49), and Plaintiffs have filed a reply (DN 50). For the reasons set forth below, the Court grants the motion to compel and directs Plaintiffs to file for the Court's consideration an itemized statement of the fees they seek.

### Background

Harold Waymon English, Jr. died on June 7, 2017, while detoxing from alcohol after being booked into the Muhlenberg County Detention Center ("MCDC") (DN 44 PageID # 398; DN 38 PageID # 312, Second Amended Complaint). Plaintiffs' civil action, brought pursuant to 42 U.S.C. § 1983, asserts damage claims for violations of English's civil rights, battery, negligence,

negligence per se, medical negligence, wrongful death, and loss of parental consortium (DN 38 PageID # 312-37). Plaintiffs have sued Muhlenberg County, Kentucky; the MCDC jailor (in his individual and official capacity); the MCDC's medical officer (in his individual and official capacity); numerous guards at the MCDC (in their individual and official capacities) who purportedly failed to properly supervise English while he was in the detox cell; two nurses (in their individual and official capacities) who were on duty during the relevant time frame; OHI and/or Owensboro Medical Health Systems, Inc. (OMHS); and MCH (DN 38 PageID # 309-13).

Apparently, OHI purchased MCH on June 1, 2015 (DN 49). Plaintiffs assert that MCH was under a contract with MCDC to provide on-site medical services for inmates (DN 44 PageID # 399). Plaintiffs indicate that MCH employed the two nurses, Angie Orange (Groves), LPN, and Melonie Bingham, RN, who were stationed at the MCDC and on duty while English was detoxing from alcohol after being booked into the MCDC (DN 44 PageID # 399).

Plaintiffs, through written discovery[1], formally requested production of the internal rules and policies that Nurses Bingham and Orange, as employees of MCH, are required to follow in connection with patient/inmate care at the MCDC (DN 44 PageID # 398-420). Additionally, during the depositions of Nurses Bingham and Orange, Plaintiffs orally requested production of (1) Nurse Bingham's sworn statement in a related proceeding before the Kentucky Board of Nursing; and (2) a photograph that Nurse Orange took of a sign[2] hanging on a towel rack at the jail that allegedly authored the nurses to administer prescription medication to inmates without prior approval of or supervision by a physician (Id.).

---

[1] Specifically, Plaintiffs' Interrogatory No. 26 and Document Request No. 2 (DN 44 PageID # 402).

[2] Plaintiffs advise that Sid Fitch, MCDC's medical officer, authored the sign (DN 44 PageID # 408).

The memoranda and supporting exhibits submitted by Plaintiffs' counsel depict an ever-evolving position taken by OHI/MCH regarding documents formally requested in Plaintiffs' Interrogatory No. 26 and Document Request No. 2. Initially, OHI/MCH declined to produce the requested material because it indicated that Nurses Bingham and Orange followed MCDC's policy and procedure manual (DN 44 PageID # 402-03 and DN 44-6, 11/02/18 email). However, OHI/MCH's position changed when Nurse Bingham's deposition testimony revealed that OHI gave her an employee book, and that she and the other nurses were required to follow MCH's policies and procedures in connection with the care of inmates at MCDC (DN 44 PageID # 404). At that point, OHI/MCH orally agreed to provide MCH's policies and procedures as well as the employee handbook (Id. PageID # 405).

OHI/MCH subsequently produced an employee handbook but it declined to produce the policies and procedures manuals (DN 44 PageID # 405-06; DN 44-11, 11/09/18 email; DN 44-14, 11/09/18 email; DN 44-17, 11/21/18 email). Instead, OHI/MCH provided Plaintiffs with indexes to policy and procedures and directed Plaintiffs to select what sections they wanted produced (Id.). However, OHI/MCH indicated only material that it deemed discoverable would be produced and insisted on entry of a protective order before producing any material (Id.). Plaintiffs have observed that the index OHI/MCH provided for MCH's Nursing Policies and Procedures indicates some of the material was enacted or updated after English's death (DN 44 PageID # 410).

Plaintiff's filed their motion to compel on November 28, 2018 (DN 44). On December 12, 2018, the undersigned conducted a telephonic conference with counsel for Plaintiffs and OHI/MCH (DN 48 Order). The Court and counsel discussed Plaintiffs' Motion to Compel and the Court indicated how it would rule regarding the production of MCH's nursing policies and

3

procedures (Id.). Subsequently, OHI/MCH filed a response to the motion to compel (DN 49). Plaintiffs then filed a reply (DN 50).

### Plaintiffs' Argument for Production

Plaintiffs' argue the policies and procedures of MCH, which the nurses are bound to follow at the MCDC, are not only discoverable but go to the very heart of the claims at issue in this case (DN 44 PageID # 412-19). Plaintiffs reason that if Nurses Bingham and Orange violated MCH's policies related to patient care this is evidence showing they were negligent (Id.). Plaintiffs argue there is no legal basis for OHI/MCH's demand for a protective order because MCH's policies and procedures are not trade secrets or confidential commercial information (Id.). Therefore, argue Plaintiffs, the Court should order OHI/MCH to immediately produce: (1) all of MCH's policies and procedures sought in discovery; (2) the sworn statement that Nurse Bingham provided to the Kentucky Board of Nursing; and (3) any other documents of any kind that MCH has so far failed to produce or otherwise failed to disclose (Id.).

Additionally, Plaintiffs request the Court conduct a hearing and then order OHI/MCH to pay Plaintiffs' reasonable expenses incurred in making this motion, including attorney fees (Id. PageID # 420).

### Defendants' Response

OHI/MCH disagrees with Plaintiffs regarding the relevancy of MCH's policies and procedures to this action (DN 49 PageID # 507). Specifically, OHI/MCH disputes that the nurses are required to follow MCH's policies and procedures because they are employed by MCH pursuant to a contract with the MCDC and they physically work at MCDC, not the hospital (Id.).

Notwithstanding, OHI/MCH reports that Plaintiffs' counsel has reviewed the index of MCH's Nursing Policies and Procedures and identified the specific policies they want produced

4

(Id.). OHI/MCH indicates the willingness to provide the identified policies and procedures or, if Plaintiffs' counsel wishes, produce all of the Nursing Policies and Procedures of MCH in a timely fashion and without a protective order (Id.).

Notably, OHI/MCH did not respond to Plaintiffs' request that the Court order OHI/MCH to immediately produce: the sworn statement that Nurse Bingham provided to the Kentucky Board of Nursing; and any other documents of any kind that MCH has so far failed to produce or otherwise failed to disclose (Id.).

### Plaintiffs' Reply

Plaintiffs assert that OHI/MCH still has not produced the specific policies that Plaintiffs' identified (DN 50 PageID # 512-17). Further, Plaintiffs take issue with OHI/MCH's suggestion that Plaintiffs make an additional request for the remaining policies despite there already having been requested (Id.). Additionally, Plaintiffs dispute OHI/MCH's position that it is not obligated to produce the policies and rules of OHI which purchased MCH on June 1, 2015 (Id.). Plaintiffs assert that OHI/MCH's position is inconsistent with the written discovery requests that were addressed to MCH and OHI (*see* DN 44-2), the motion to compel, and counsels' discussion with the Court during the December 12, 2018 telephonic conference (DN 50 PageID # 512-17). Plaintiffs point out that OHI has its own set of policies and that OHI/MCH's counsel previously provided Plaintiffs with a 50-page index to that manual (Id.). Plaintiffs explain that the 50-page index is entirely different from the four-page index to the MCH Nursing Policies and Procedures manual (Id.). Plaintiffs argue the Court should order OHI/MCH to immediately produce all the policies and procedures requested from each entity (Id.). Finally, Plaintiffs argue because OHI/MCH has no good faith basis for continuing to resist production of the documents sought, the

5

Court should consider an award of fees and costs against OHI/MCH or their counsel under Fed. R. Civ. P. 37(a)(5) (Id.).

Discussion

A party "may obtain discovery regarding any nonprivileged matter that is relevant to a party's claim or defense." Fed. R. Civ. P. 26(b)(1). The discovery must be "proportional to the needs of the case, considering importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues and whether the burden or expense of the proposed discovery outweighs its likely benefit." Id. "Information within this scope of discovery need not be admissible in evidence to be discoverable." Id.

One of the documents on which Plaintiffs move for compulsion, namely the sworn statement that Nurse Bingham provided to the Kentucky Board of Nursing, was orally requested during her deposition and then later in email correspondence between counsel. The federal rules of civil procedure do not make any provision for orally requesting production of documents during a deposition or making a request for production by correspondence or e-mail. Although the practice of requesting and providing discovery on an informal basis is common, and often encouraged, courts have questioned whether the refusal to provide discovery in response to an informal request can form the basis for an order of compulsion. One district court observed:

> The Federal Rules of Civil Procedure provide necessary boundaries and requirements for formal discovery. Parties must comply with such requirements in order to resort to the provisions of Fed. R. Civ. P. 37, governing motions to compel. Informal requests for production lie outside the boundaries of discovery rules. . . . Formal requests may occasion sanctions. Letters usually do not. To treat correspondence between counsel as formal requests for production under Rule 34 would create confusion and chaos in discovery.

6

Sithon Maritime Co. v. Holiday Mansion, Civil Action No. 96-2262-EEO, 1998 U.S. Dist. LEXIS 5432, at *6 (D. Kan., April 10, 1998); s*ee also* Susko v. City of Weirton, Civ. Action No. 5:09-CV-1, 2011 U.S. Dist. LEXIS 3134, at *5-6 (N.D. W. Va. Jan. 12, 2011) ("A court cannot grant a motion to compel unless a previous formal discovery request preceded the motion to compel."); Schwartz v. Mktg. Publ'g Co., 153 F.R.D. 16, 21 (D. Conn. 1994) (When documents are not requested pursuant to Fed.R.Civ.P. 34, but rather "in a highly informal, extra-procedural manner, Rule 37 by its terms does not apply."). Because Plaintiffs did not make a formal discovery request for Nurse Bingham's sworn statement, the Court will deny Plaintiffs' motion to compel as to this document.

Next, Plaintiffs move for compulsion of any other documents of any kind that OHI/MCH has so far failed to produce or otherwise failed to disclose. Plaintiffs are relying on a comment in a November 26, 2018 email from OHI/MCH's counsel to Plaintiffs' counsel (DN 44 PageID # 411 and DN 44-2). However, Plaintiffs' exhibit does not include this email in the chain of emails between counsel (DN 44 PageID # 411 and DN 44-2). Given the overly broad and ill-defined relief Plaintiff seeks, the Court will deny this portion of Plaintiffs' motion to compel.

Finally, Plaintiffs move for compulsion of OHI and MCH's policies and procedures sought through formal discovery. During the telephonic conference on December 12, 2018, the Court indicated how it would rule regarding production of MCH's Nursing Policies and Procedures. Consistent therewith, OHI/MCH has abandoned its demand for a protective order and indicated it is willing to produce the sections previously requested by Plaintiffs or all the policies and procedures. Plaintiff's motion to compel is granted to the extent it seeks the nursing policies and

procedures of MCH, and OHI/MCH is directed to produce all the nursing policies and procedures of MCH.

During that telephonic conference, the Court also indicated to counsel that production needed to be as broad as possible and no distinction was to be made between OHI and MCH. However, OHI's manual of policies and procedures appears to be substantial in size because it has a 51-page index. Therefore, OHI/MCH is instructed to make OHI's manual of policies and procedures available for inspection by Plaintiffs' counsel, and OHI/MCH will produce the sections designated by Plaintiffs' counsel.

## Payment of expenses

Plaintiffs are asserting that the Court should, after allowing OHI/MCH to be heard, require OHI/MCH and/or defense counsel to pay Plaintiffs' reasonable expenses incurred in making this motion, including attorney fees. The Court expressly defers ruling upon Plaintiffs' request at this time until the completion of discovery, without prejudice to Plaintiffs' right to raise the issue for immediate determination at any time they might deem appropriate.

## ORDER

**IT IS HEREBY ORDERED** that Plaintiffs' motion to compel (DN 44) is **GRANTED in part and DENIED in part**.

**IT IS FURTHER ORDERED** that Plaintiffs' motion (DN 44) is **DENIED** to the extent it seeks an order compelling OHI/MCH to produce Nurse Bingham's sworn statement and any other documents of any kind that OHI/MCH has so far failed to produce or otherwise failed to disclose.

**IT IS FURTHER ORDERED** that Plaintiffs' motion to compel (DN 44) is GRANTED as to the nursing policies and procedures of MCH. By **no later than January 30, 2019,** OHI/MCH's counsel shall produce all of MCH's nursing policies and procedures to Plaintiffs' counsel.

**IT IS FURTHER ORDERED** that Plaintiffs' motion to compel (DN 44) is GRANTED as to all other policies and procedures of MCH and the policies and procedures of OHI. By **no later than January 30, 2019**, counsel for OHI/MCH shall make those policies and procedures available for inspection by Plaintiffs' counsel. By **no later than February 8, 2019**, counsel for OHI/MCH shall produce the designated sections to Plaintiffs' counsel.

Copies to: Counsel of Record